Edward T. HANLEY, Jim Arnold, Robert Baker, Walt Elliot, James F. Flanagan, David Hartigan, Jack Kenneally, Candace Landers, Robert W. Magee, Bob McDevitt, Morty Miller, John O'Gara Kenneth Paulsen, Ronald Richardson, Nancy Ross, Marty Russo, John Wilhelm, Patrick J. Kane, Nicholas Amato, James Anderson, Karl R. Bennett, Jr., Jerry Berns, Richard Betty, Richard W. Bunker, Joseph D'Amato, Edward Hegarty, Arnold Karr, Carl Madda, Brian McKay, Jack Penman, Joseph T. Primavera, Mike Sloan, Michael Walsh, Lawrence F. Wilkas, George Wright as Trustees of the Hotel Employees and Restaurant Employees International Union Pension and Welfare Funds, Plaintiffs,

v.

LOBSTER BOX RESTAURANT, INC., Defendant.

Lobster Box Restaurant, Inc., Third–Party Plaintiff,

v.

Hotel Employees and Restaurant Employees Union, Local 100, of the Hotel Employees and Restaurant Employees International Union, AFL—CIO, Third–Party Defendant.

No. 97 Civ. 8687 RMB.

United States District Court, S.D. New York.

March 8, 1999.

---

Harvey S. Feurestein, Herrick Feinstein LLP, New York, NY, Annmarie P. Venuti, Richards & O'Neill, LLP, New York, NY, for plaintiffs.

Stephen L. Sheinfeld, Whitman Breed Abbott & Morgan, LLP, New York, NY, for defendant and third-party plaintiffs.

### DECISION AND ORDER

BERMAN, District Judge.

## I. *Introduction*

Third-party defendant Hotel Employees and Restaurant Employees Union, Local 100, of the Hotel Employees and Restaurant Employees International Union, AFL—CIO ("Local 100"), has filed a motion to dismiss the (Second Amended) Third–Party Complaint of the defendant and third-party plaintiff Lobster Box Restaurant, Inc. ("Lobster Box"), pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 12(b)(1) and (6), for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Local 100 and Lobster Box both agree that resolution of the instant motion hinges upon, and is governed by, the recent United States Supreme Court decision in *Textron Lycoming Reciprocating Engine Division, AVCO Corp. v. United Automobile, Aerospace and Agricultural Implement Workers of America, International Union*, 523 U.S. 653, 118 S.Ct. 1626, 140 L.Ed.2d 863 (1998). The parties disagree, however, as to the interpretation of the Supreme Court's ruling in *Textron.*

**For the reasons stated below, the Court grants Local 100's motion to dismiss on the ground that the Court lacks subject matter jurisdiction with respect to Lobster Box' third-party claims.**

## II. *Background*

Plaintiffs Edward T. Hanley, et al., as Trustees of the Hotel Employees and Restaurant Employees International Union Pension and Welfare Funds ("Funds"), brought the underlying action, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, and the Labor Management Relations Act § 301 ("LMRA"), 29 U.S.C. § 185, against Lobster Box for alleged failure by Lobster Box to pay certain contributions to the Funds in violation of a collective bargaining agreement ("Agreement") between Lobster Box and Local 100. After being sued by the Funds, Lobster Box, in turn, filed a (Second Amended) Third–Party Complaint against Local 100 seeking, *inter alia*, a declaration that the Agreement between Local 100 and Lobster Box is voidable and that Lobster Box is, in any event, entitled to indemnification by Local 100 for any judgment or damages against Lobster Box in the underlying action. In its (Second Amended) Third–Party Complaint, Lobster Box alleges that, in failing to make contributions to the Funds, it relied upon advice from

representatives of Local 100 who represented that such contributions were not required. These representations were presumably made during negotiations leading to the Agreement. Lobster Box further alleges that Local 100 engaged in fraud and negligent misrepresentation in the Agreement negotiations.

### III. *Discussion*

#### A. LMRA § 301

■ In the third-party action against Local 100, Lobster Box is asking the Court to declare that the Agreement between Local 100 and Lobster Box is invalid. Lobster Box asserts that this Court has subject matter jurisdiction to make this determination under LMRA § 301. Local 100 counters that the Court lacks subject matter jurisdiction because the third-party claim is not about a (contract) violation of the Agreement, but rather is a claim that the Agreement is invalid.

LMRA § 301 provides, in part, that "[s]uits for violation of contracts between an employer and a labor organization ... may be brought in any district court of the United States ..." 29 U.S.C. § 185(a). By its terms, "this provision confers federal subject-matter jurisdiction only over '[s]uits for violation of contracts.'" *Textron Lycoming Reciprocating Engine Division, Avco Corp.*, 118 S.Ct. at 1629. It does not generally confer jurisdiction on Federal District Courts in suits concerning contract validity. *Id.* ("'[s]uits for violation of contracts' under § 301(a) are not suits that claim a contract is invalid, but suits that claim a contract has been violated".)

Lobster Box argues that because contract violation is in issue in the "underlying" action by the Funds against Lobster Box, the Court in the third-party proceeding may adjudicate the validity of the Agreement. Lobster Box relies upon a quote from *Textron* for the proposition that the jurisdictional requirement of a contract violation:

> does not mean that a federal court can never adjudicate the validity of a contract under § 301(a). That provision simply erects a gateway through which parties

may pass into federal court; once they have entered, it does not restrict the legal landscape they may traverse.

*Id.*

Local 100 takes the position that Lobster Box misreads *Textron,*—and this Court agrees. In *Textron,* the Supreme Court ruled that the plaintiff union could not bring an action in Federal court against the defendant employer seeking a declaration of contractual invalidity due to fraudulent inducement, because neither party had alleged a violation of the contract as required under LMRA § 301. *Id.* at 1628–31. The Court was clear that these types of cases (*i.e.* cases involving contract validity) are meant to be heard by the National Labor Relations Board. *Id.* at 1631 ("[a]s the Court has long recognized, '[i]t is implicit in the entire structure of the [National Labor Relations] Act that the Board acts to oversee and referee the process of collective bargaining.'") (citation omitted) (Stevens, J., concurring). "The fact that the [National Labor Relations] Board undoubtedly has more expertise in the collective-bargaining area than federal judges provides an additional reason for concluding that Congress meant what it said in § 301(a) and for rejecting the Union's and the Government's broad reading of the '[s]uits for violation of contracts' language." *Id.* at 1632 (Stevens, J., concurring). While the Supreme Court acknowledged that there were certain limited circumstances in which a Federal court could properly adjudicate the validity of a collective bargaining agreement, it stressed that, "in these cases, the federal court's power ... is ancillary to, and not independent of, its power to adjudicate '[s]uits for violation of contracts.'" *Id.* at 1629.

■ Here, the third-party action between Lobster Box and Local 100 does not concern violation of a contract (*i.e.* the Agreement). Rather, it advances the claim that the Agreement is invalid owing to fraud and misrepresentation by representatives of Local 100. Under *Textron,* such a claim standing alone fails to establish federal subject matter jurisdiction. **The Funds' assertion in the underlying action that Lobster Box violated the Agreement does not confer upon the**

Court subject matter jurisdiction to assess contract validity in the third-party action against Local 100. That is, Lobster Box cannot use the underlying action by the Funds to "bootstrap" its claim of contract invalidity against Local 100 into Federal court. "When the court assesses the jurisdictional propriety of the impleader claim, it looks only to that claim. The reason the underlying case is in federal court is of no moment at this point." 3 James WM. Moore et al., *Moore's Federal Practice* § 14.41[2] (3rd ed.1998).

For the foregoing reasons, LMRA § 301 does not confer upon the Court subject matter jurisdiction over the third-party action.

## B. Supplemental Jurisdiction

■ Lobster Box asserts, as an alternative basis for proceeding with its third-party action, that this Court should exercise supplemental jurisdiction over the New York State common law claims for fraudulent inducement and negligent misrepresentation. This argument is not persuasive.

In *San Diego Building Trades Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), the Supreme Court held that:

[w]hen it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8,

due regard for the federal enactment requires that state jurisdiction must yield....

[w]hen an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted.

*Id.* at 244–45, 79 S.Ct. 773. This Court believes it is appropriate to defer to the NLRB. Section 8(b)(3) of the National Labor Relations Act ("NLRA") provides "[i]t shall be an unfair labor practice for a labor organization or its agents—(3) to refuse to bargain collectively with an employer ..." 29 U.S.C. § 158(b)(3). Here, Lobster Box' claims against Local 100 for fraud and misrepresentation in negotiating the Agreement appear to be "indistinguishable from an unfair labor practice claim that could have been pursued before the NLRB." *Kolentus v. Avco Corporation*, 798 F.2d 949, 961 (7th Cir.1986), *cert. denied*, 479 U.S. 1032, 107 S.Ct. 878, 93 L.Ed.2d 832 (1987). As such, Lobster Box' claims are "arguably protected ... by the NLRA." *Local 926, International Union of Operating Engineers, AFL—CIO v. Jones*, 460 U.S. 669, 676, 103 S.Ct. 1453, 75 L.Ed.2d 368 (1983).[1]

For the foregoing reasons, the Court declines to exercise supplemental jurisdiction over Lobster Box' third-party action.

1. Exceptions to this NLRA "preemption doctrine" are recognized where the activity to be regulated is of only "peripheral concern" under the NLRA or touches interests "deeply rooted in local feeling and responsibility ..." *Garmon*, 359 U.S. at 243–44, 79 S.Ct. 773. *See also Jones*, 460 U.S. at 676, 103 S.Ct. 1453. Neither exception is applicable here. The fraudulent inducement and negligent misrepresentation claims alleged by Lobster Box are of "far more than 'peripheral concern'.... Insuring that employers and employees bargain with each other in good faith is of central importance under the Act [NLRA]." *Kolentus*, 798 F.2d at 961. *See also Parker v. Connors Steel Company*, 855 F.2d 1510, 1518 (11th Cir.1988), *cert. denied*, 490 U.S. 1066, 109 S.Ct. 2066, 104 L.Ed.2d 631 (1989) ("the state's interest in protecting its citizens from fraud and misrepresentations does not outweigh our concern in protecting the NLRB's jurisdiction from erosion through state regulation"); *Serrano v. Jones & Laughlin Steel Co., LTV*, 790 F.2d 1279,

1287 (6th Cir.1986) ("[w]hen the proper balancing of interests is undertaken, it is clear to us that the concern with the substantive rights created and protected by federal law outweighs any interest the state might have in protecting its citizens from fraud and misrepresentations"). In short, Lobster Box' dispute with Local 100 must yield to the jurisdiction of the NLRB. *See Parker*, 855 F.2d at 1518 ("allowing state law fraud claims for conduct that would be a violation of the employer's duty to bargain in good faith would necessarily undermine the [National Labor Relations] Board's exclusive jurisdiction and may subject the employer to conflicting substantive rules").

Local 100 has not made a merely "conclusory assertion of preemption," but has demonstrated sufficiently that Lobster Box' common law claims are "indistinguishable from an unfair labor practice claim that could have been pursued before the NLRB." *Kolentus*, 798 F.2d at 961.

## IV. *Conclusion*

Lobster Box' (Second Amended) Third–Party Complaint against Local 100 is dismissed.[2] The Court defers to the expertise and primary jurisdiction of the National Labor Relations Board in resolving disputes arising out of the collective bargaining process.[3]

**SO ORDERED.**

---

**2.** It is unnecessary to reach Local 100' argument that Lobster Box has failed to state a claim upon which relief can be granted.

**3.** While it may seem appealing to hear all issues in one forum, "[m]ere convenience is not a substitute for subject matter jurisdiction." *Morgan v. Colonial Gas Company,* 772 F.Supp. 693, 696 (D.Mass.1991).